In the Matter of the Application of RUTH F. NOHOWEL, Petitioner, for an Order of Mandamus against ELLIS T. TERRY, as County Treasurer, and Others, Respondents.

Supreme Court, Suffolk County, May 12, 1934.

*Frank P. Nohowel,* for the petitioner.

*Hildreth, Fowler & Hildreth* [*Pierson Hildreth* of counsel], for the respondents Fielding.

*Robert T. Oliver, County Attorney,* for the respondent Terry.

FURMAN, J.   This is an application for an order of peremptory mandamus to compel Ellis T. Terry, as county treasurer of Suffolk county, to cancel of record a certain tax sale certificate and to amend his records to show the taxes as paid.

It appears that Annie Dewart, John Manhasset and Annie Manhasset owned various interests in the premises in question and mortgaged the same to the Amityville National Bank; that thereafter the said bank assigned the mortgage to the petitioner herein; that

during the year 1928 Annie Dewart died leaving a will naming Edward Fielding and Margaret Fielding as executors; that said will was duly proved and both Fieldings qualified and entered upon the duties of their trust; that the taxes on the said premises were unpaid for the year 1930, and the county treasurer, pursuant to law, sold them at a tax sale during the year 1931; that the premises were purchased by, and the tax sale certificate taken in the names of, Margaret Fielding and Edward Fielding individually; that ever since the taxes have been paid annually by the Fieldings; that in the year 1933 the petitioner herein foreclosed her mortgage and became the fee owner of the premises.

The petitioner now brings on this application claiming that the executors breached their duty to the estate, which they owed as executors, by purchasing at the tax sale and taking the certificate in their names, as individuals, and that the law must construe the purchase to have been made for the benefit of the estate inasmuch as a duty rested on the executors to pay the taxes when they became due, and that the county treasurer should be compelled to mark his records accordingly. The respondents claim that, inasmuch as the mortgage was foreclosed, it was the statutory duty of the referee to pay the taxes, and that in any event the petitioner should have litigated this tax question in the foreclosure action.

It will be noted that the Fieldings were made parties in their capacity as executors only, and not individually.

The court is of the opinion that the rights of the Fieldings, as individuals, cannot be summarily disposed of without their first being made parties hereto and giving them an opportunity to be heard. If the tax sale had been void, then the court could have decreed the cancellation of the certificate without the necessity of making the Fieldings parties, inasmuch as the effect of such a decree would be that no property or other rights ever existed in any one by virtue of such void sale. However, the situation here is somewhat different. No question has been raised as to the validity of the sale. Therefore, it must be assumed to have been regular and valid. The only question then remaining is whether or not the Fieldings breached their trust by purchasing the premises in their own names, while they were acting as executors. A reading of the affidavits submitted on this application shows that there is a sharp question of law and fact concerning this question which the court cannot decide on affidavits alone. The court is also convinced that the petitioner has mistaken her remedy and should have instituted an action in equity to remove a cloud on title at which time the foregoing questions of law and fact could be litigated.

The application will, therefore, be denied.